**IN THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA**

**HUNTINGTON DIVISION**

FIDEL HERNANDEZ ISIDORO,
LUIS ENRIQUE HERNANDEZ ESPINOZA,
SALVADOR HERNANDEZ ISIDORO
by and through their next friend
JAYCEE QUIJANO,

Petitioners,

v. CIVIL ACTION NO. 3:26-0737

DAVID VENTURELLA,
Acting Director, United States Immigration and Customs Enforcement,
MARKWAYNE MULLIN,
Secretary of Homeland Security;
TODD BLANCHE,
United States Attorney General;
KENNETH BARNETT,
Supervisory Detention and Deportation Officer,
United States Immigration and Customs Enforcement;
JOHN RIFE,
Field Office Director, Philadelphia Field Office,
United States Immigration and Customs Enforcement;
in their official capacities,

Respondents.

**ORDER TO SHOW CAUSE**

Upon consideration of Petitioners' Petition for a Writ of Habeas Corpus (ECF No. 1), **IT IS HEREBY ORDERED** that:

1. Respondents **SHALL** file a written response to **SHOW CAUSE** as to why the Petition should not be granted by **1:00 p.m. on Friday, November 20, 2026**. The response shall indicate whether Respondents have a good faith basis to assert that they will present arguments in this case that have not previously been considered and rejected by this Court.

2. Petitioners shall have an opportunity to file a reply no later than **Sunday, November 22, 2026, at 1:00 p.m.**

3. This matter shall be heard by this Court on **Tuesday, November 24, 2026**, **at 2:00 p.m.**, if necessary.

4. To the extent Respondents intend to assert that jurisdiction and/or venue in the Southern District of West Virginia is improper in this case, Respondents shall file any such objections no later than **1:00 p.m. on Thursday, November 19, 2026**. Any objections, too, shall indicate whether Respondents have a good faith basis to assert that they will present arguments pertaining to jurisdiction and/or venue that were not considered and rejected by this Court. Petitioners shall file any reply to any filed objections no later than twenty-four hours following Respondents' filing.

5. Respondents **SHALL NOT** remove or facilitate the removal of Petitioners and/or their property from the Southern District of West Virginia, pending further order of the Court **EXCEPT** to the Moshannon Valley Correctional Center in Pennsylvania. To the extent Petitioners have already been removed from the District, Respondents **SHALL IMMEDIATELY** transport Petitioners back to the District **OR** to the Moshannon Valley Correctional Center. Respondents **SHALL NOT** transport Petitioners to any other location or remove Petitioners from the United States, pending further order of the Court.

6. Respondents **SHALL ONLY** be permitted to detain Petitioners at the Moshannon Valley Correctional Center **IF THEY FIRST** file a Notice to the Court (1) accepting the Court's jurisdiction over the matter, (2) affirming that they, at the time of filing, do not have the resources or capacity to house Petitioners in the Southern District of West Virginia, and (3) explaining the manner in which Petitioners will be housed.

7. Respondents shall **FORTHWITH** and **IMMEDIATELY** afford Petitioners the opportunity to confidentially consult with counsel, in no event later than **4:00 p.m., Today, November 18, 2026**, and shall take all necessary steps to facilitate such communication. Petitioners shall be afforded as much time as reasonably necessary for this consultation, up to a maximum of one hour. Respondents shall provide counsel with thirty (30) minutes notice of when these calls will be scheduled. Respondents shall continue to afford Petitioners the opportunity to confidentially consult with counsel so long as they remain in custody and shall facilitate phone calls by counsel within twenty-four hours of a request, or within four hours for calls designated by counsel in good faith as urgent and time sensitive.
8. Upon receipt of this Order, Respondents shall promptly ensure that all of Petitioners' property seized incident to detention is accounted for and that all such property can be immediately made available to Petitioners in the event they are released. To the extent Petitioners' property has already been removed from this jurisdiction, Respondents shall take all necessary steps to ensure that said property can be immediately made available to Petitioners at the time of release in the event Petitioners are released.
9. Respondents shall provide Petitioners with a copy of this Order **Today, November 18, 2026**.

10. Service of this Order shall be made by Petitioners on the United States Attorney for the Southern District of West Virginia by **1:00 p.m., Today, November 18, 2026**, and shall constitute good and sufficient service on Respondents.

ENTER: November 18, 2026

ROBERT C. CHAMBERS
UNITED STATES DISTRICT JUDGE