**IN THE UNITED STATES DISTRICT COURT FOR**
**THE SOUTHERN DISTRICT OF WEST VIRGINIA**

**HUNTINGTON DIVISION**

FIDEL HERNANDEZ ISIDORO,
LUIS ENRIQUE HERNANDEZ ESPINOZA,
SALVADOR HERNANDEZ ISIDORO,

Petitioners,

v. CIVIL ACTION NO. 3:26-0737

DAVID VENTURELLA,
Acting Director, United States Immigration and Customs Enforcement,
MARKWAYNE MULLIN,
Secretary of Homeland Security;
TODD BLANCHE,
United States Attorney General;
KENNETH BARNETT,
Supervisory Detention and Deportation Officer,
United States Immigration and Customs Enforcement;
JOHN RIFE,
Field Office Director, Philadelphia Field Office,
United States Immigration and Customs Enforcement;
in their official capacities,

Respondents.

**MEMORANDUM OPINION AND ORDER**

Pending before the Court is a Petition for Habeas Corpus relief filed by Petitioners **Fidel Hernandez Isidoro, Luis Enrique Hernandez Espinoza, and Salvador Hernandez Isidoro** (Petition, ECF No. 1) and Respondents' corresponding Motion to Dismiss (Resp. Order Show Cause & Mot. Dismiss, ECF No. 8).

According to the Petition for Habeas Corpus, Petitioners were arrested on the morning of November 18, 2026, in or around Huntington, West Virginia, following a traffic stop. Pet. ¶ 16. The Petition was initially entered around 10:10 a.m. on the same day. *See id.* After their arrest,

Petitioners were transported to the ICE processing facility in Poca, West Virginia. Resp. Order Show Cause, at 4. They were then transported to the Moshannon Valley Processing Center in Philipsburg, Pennsylvania, where they are presently detained. *See id.* at 5.[1]

In their Petition for Habeas Corpus, Petitioners allege that their detention violated (1) the Fifth Amendment's Due Process Clause; 2) the Immigration and Nationality Act, including 8 U.S.C. § 1226(a) and its implementing regulations; 3) the Fourth Amendment, Due Process Clause, Immigration and Nationality Act, and its implementing regulations; and 4) the Suspension Clause. Pet. ¶¶ 29–53.[2] Specifically, Petitioners allege that "no immigration officer . . . has conducted an individualized custody determination assessing whether Petitioners' continued detention is necessary to address flight risk, danger to the community, or the availability of conditions of release." *Id.* ¶ 20.

Respondents acknowledge the Court's prior decisions in *Escamilla v. Venturella*, No. 3:26-cv-662 (S.D. W. Va. Oct. 30, 2026), ECF No. 25, and *Carcamo Lopez v. Venturella*, No. 3:26-cv-674 (S.D. W. Va. Nov. 3, 2026), ECF No. 14, and state they "may be applicable here if the Court adheres to those decisions." Resp. Order Show Cause, at 2. Furthermore, Respondents state they "believe[] this matter can be decided without a hearing." *Id.* Likewise, Petitioners assert that they "have no objection to this Court granting the petition and ordering their immediate release prior to the filing of a reply brief and without a hearing . . . ." Pet.'s Notice, ECF No. 9, at 1.

---

[1] The Court notes that Respondents failed to file a Notice to the Court concerning Petitioners' detention at the Moshannon Valley Correctional Center. This appears to contravene the Court's order that:

> Respondents SHALL ONLY be permitted to detain Petitioners at the Moshannon Valley Correctional Center IF THEY FIRST file a Notice to the Court (1) accepting the Court's jurisdiction over the matter, (2) affirming that they, at the time of filing, do not have the resources or capacity to house Petitioners in the Southern District of West Virginia, and (3) explaining the manner in which Petitioners will be housed.

Order Show Cause, ECF No. 6, at 2.

[2] The Court need not address Counts Three or Four of the Petition to grant relief.

In reviewing the record, while Respondents provided each Petitioner with a Form I-286 for Notice of Custody Determination, there is no evidence of an assessment of any Petitioner's flight risk or danger to the community. *See* ECF Nos. 8-1–8-3. Accordingly, the Court finds that Respondents have failed to provide Petitioners with the fundamental features of due process—notice and an opportunity to be heard—in violation of 8 U.S.C. § 1226(a) and its implementing regulations and in violation of the Constitution's Due Process Clause. The record reflects that Respondents have failed to (1) meaningfully exercise their discretion as in *Escamilla v. Venturella*, No. 3:26-cv-662 (S.D. W. Va. Oct. 30, 2026), ECF No. 25; and (2) provide the basis for their purported custody determination as in *Carcamo Lopez v. Venturella*, No. 3:26-cv-674 (S.D. W. Va. Nov. 3, 2026), ECF No. 14. Thus, this Court's opinions in *Escamilla* and *Carcamo Lopez* are adopted and form the basis for this brief opinion.

Accordingly, the Petition (ECF No. 1) is **GRANTED**, and Respondents' Motion to Dismiss (ECF No. 8) is **DENIED**.

Respondents are **ORDERED to PROMPTLY RELEASE** Petitioners **Fidel Hernandez Isidoro, Luis Enrique Hernandez Espinoza, and Salvador Hernandez Isidoro**, **no later than Saturday, November 21, at 3:00 p.m.** in Huntington, West Virginia, at the sidewalk at the front entrance of the federal courthouse on 5th Avenue. Respondents are **DIRECTED** to provide reasonable notice of at least three (3) hours to Petitioners' counsel of the anticipated time of Petitioners' release. Respondents are **ORDERED** to facilitate the prompt return of all property seized incident to Petitioners' detention, including legal documents. Respondents shall file a notice of compliance with the Court.

The Court further **ORDERS** that Respondents are **PROHIBITED** from re-arresting and detaining Petitioners under 8 U.S.C. § 1225 and are **PROHIBITED** from re-arresting and

detaining Petitioners under 8 U.S.C. § 1226(a) absent notice, a reasonable opportunity to obtain counsel, and a constitutionally adequate custody determination hearing before a neutral and detached decisionmaker. Respondents are **PERMANENTLY ENJOINED** from imposing any conditions or restraints on Petitioners' liberty (including but not limited to an ankle monitor, curfew, or electronic monitoring) without an individualized assessment of the need for such restraints and a pre-deprivation hearing before a neutral and detached decisionmaker.

The Hearing previously scheduled for Tuesday, November 24, 2026, is **CANCELED**.

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

ENTER: November 20, 2026

ROBERT C. CHAMBERS
UNITED STATES DISTRICT JUDGE